UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-cv-62458-GAYLES

**DEMETRIUS CAREY**,

    Petitioner,

v.

**MARK S. INCH**,
**SEC'Y, FLA. DEP'T OF CORR.**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** comes before the Court on an Order of Limited Remand from the United States Court of Appeals for the Eleventh Circuit ("Order"), [ECF No. 33], to determine whether Petitioner, Demetrius Carey, is entitled to a certificate of appealability ("COA") to appeal the Court's denial of his Motion for Reconsideration. S*ee Perez v. Sec'y, Fla., Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013) ("Because the denial of a Rule 59(e) motion constitutes a 'final order' in a state habeas proceeding, we conclude that a COA is required before this appeal may proceed."). On December 13, 2017, Petitioner filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, attacking his Florida state convictions for second degree murder without a firearm and robbery without a firearm ("Petition"). [ECF No. 1]. On March 19, 2020, Magistrate Judge Lisette M. Reid issued a Report and Recommendation ("Report") which recommended that the Petition be denied on the merits and that a certificate of appealability should not issue. [ECF No. 19]. Following a *de novo* review, this Court adopted Judge Reid's Report in full. [ECF No. 23].

On July 17, 2020, Petitioner filed a Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e). [ECF No. 25]. Petitioner argued that manifest errors of law occurred when: (1) the Court failed to recognize Petitioner's challenge to his conviction for second degree murder in its Order adopting the Report; (2) the Court adopted Judge Reid's finding that Petitioner failed to satisfy *Strickland*'s prejudice requirement because counsel's request for the inapplicable jury instruction was presumptively prejudicial; and (3) the Court adopted Judge Reid's finding that the jury's verdict was not truly or legally inconsistent. *Id.*

On November 5, 2020, the Court denied Petitioner's Motion for Reconsideration on the merits but did not address whether he was entitled to a COA. [ECF No. 26]. As to Petitioner's first argument, the Court found that the "unintentional omission of the reference to Petitioner's second degree murder conviction in the Court's Order" where the Report "specifically addressed Petitioner's conviction for second degree murder and Petitioner's claims related to that conviction" were "harmless." *Id.* at 4. The Court determined that Petitioner's second and third arguments re-raised the same issues litigated in Petitioner's Objections, [ECF No. 22]. *Id.* (citing *Michael Linet, Inc. v. Vill. Of Wellington, Fla.*, 403 F.3d 757, 763 (11th Cir. 2005) (finding that a Petitioner cannot use Rule 59(e) to "relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment."). The Court also found no manifest error of law or fact because Petitioner was not prejudiced by his lawyer's request for the jury instruction for second degree murder *without* a firearm because there was sufficient evidence at trial to convict Petitioner of second degree murder *with* a firearm. *See id.* at 5. Lastly, the Court found no error in the Report's finding that Petitioner's convictions were not truly inconsistent as a matter of law. *Id.*

For a COA to issue, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must show either that

"reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that the issues presented were "adequate to deserve encouragement to proceed further." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) and *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). Because Petitioner's Motion for Reconsideration did not present any new arguments or any basis for this Court to grant relief, no reasonable jurist would disagree with the Court's assessment and the issues are not adequate to proceed further. The Court finds that Petitioner has not "made a substantial showing of the denial of a constitutional right." *Slack*, 529 U.S. at 481 (quoting 28 U.S.C. § 2253(c)). Thus, Petitioner is not entitled to a certificate of appealability to appeal this Court's Order denying his Motion for Reconsideration.

Accordingly, it is **ORDERED AND ADJUDGED** that **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE** for Petitioner Demetrius Carey to appeal the denial of his Motion for Reconsideration, [ECF No. 25].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of June, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Demetrius Carey
      #L76798
      Desoto Annex
      Inmate Mail/Parcels
      13617 SE Highway 70
      Arcadia, FL 34266
      PRO SE

      Noticing 2254 Broward and North
      Email: CrimAppWPB@MyFloridaLegal.com